ROGERS, J.
 

 The appellant was convicted of striking, thrusting, etc., with a dangerous weapon with intent to kill. Act 44 of 1890. From his conviction and sentence thereunder, he has appealed. There are seven bills of exception in the record, only two of which, Nos. 1 and 6, were argued orally, or are stressed in defendant’s brief. Bill No. 3 is referred to, but not argued, and the other four bills are entirely ignored, in defendant’s brief. Bill No. 3 consists of nothing more than a formal statement of the reservation of the bill, to which is attached a transcript of the stenographer’s notes as part, without any specification of the rulings or findings of the trial judge considered objectionable. We take this occasion to reiterate the declaration of the court in State v. ViCknair, 118 La. 963, 43 So. 635, that we “cannot countenance the practice' attempted here of simply annexing the clerk’s note of evidence to the bill as an exhibit, and referring to it in general terms for the objections, rulings, and reservations of bills, instead of setting forth the objections and the rulings in the bill itself. If an objection and the ruling thereon is not deserving of a statement in the bill, it is not deserving of any attention on the part of the court.” We will therefore consider only bills Nos. 1 and 6.
 

 Bill No. 1. This bill was taken to the action of the trial judge in refusing to sustain an attachment for one of defendant’s witnesses and in overruling defendant’s motion for a continuance on the ground of thé absence of the witness. On the issues raised under this bill, the record shows that the trial of the defendant was fixed for October 1, 1927, and that prior to September 22, 1928, he caused to issue a subpoena for a certain witness. On the day of the trial the witness was absent, whereupon the defendant applied for an attachment, which was refused, and defendant then moved for a continuance of the ease. The motion, reciting the facts and what defendant expected to prove by the absent witness, was supported by defendant’s aflidavit. The counsel for the state admitted that, if the witness in .question were present, he would testify as set forth in the motion for a continuance. The motion was thereupon overruled and the defendant ordered to trial.
 

 The sheriff’s return on the subpcena for the absent witness is not in the record. It appears, however, that he had the summons and the return thereon in his possession, and testified concerning the return when placed on the stand by the defendant in support of his applications for the attachment of the witness and for a continuance of the case. During the time elapsing between the date this testimony was given and the date on which the transcript was prepared, the sheriff lost the summons and the return thereon, as appears from his certificate which is incorporated in the transcript.
 

 It is not clear from the testimony of the sheriff what facts were shown by his return, other
 
 *1019
 
 than the fact that he called at the residence of the witness on September 22, 1928, for the purpose of making the necessary service of the subpoena, which he was unable to do because of the absence of the witness, who was in Chicago, as he learned from the witness’ father. The testimony of the sheriff fails to show, however, how long the witness was to remain in Chicago, or whether he was expected to return to the parish of Livingston in time to testify in the case. The sheriff apparently made no further serious effort to serve the subpoena, and frankly admitted on the stand that he did not know whether the-witness had returned to the parish, and that, so far as he knew, the witness might be at that very moment at his home, which was situated only seven miles from the courthouse on a graveled road.
 

 We think that the defendant exercised due diligence in summoning his witness more than-eight days in advance of the trial. 1-Ie was entitled to have the summons served, and, if necessary, to have the witness brought into court by compulsory process, unless it was affirmatively shown by the sheriff’s return that he had made an earnest and unsuccessful effort to serve the subpoena so as to bring the witness into court for the trial.' The record is barren of such a showing. Nor does it appear that the defendant knew or was informed of the sheriff’s return, such as it was, until the day he was actually called for trial.
 

 Oúr conclusion is that the refusal of the trial judge to grant the motion for a continuance is reversible error.
 

 In State v. Boitreaux, 31 La. Ann. 188, the court said: “When — to procure the attendance of his witnesses — the prisoner has, in proper time, ordered subpoenas to issue, he cannot be compelled to apply for attachments, swear to the facts which he intends to prove by them, or go to trial in their absence, until an earnest and fruitless attempt has been made to bring them into court.”
 

 And in State v. Adam, 40 La. Ann. 745, 5 So. 30, the court said: “The constitutional * * * right to compulsory process for the attendance of his witnesses, is not to be trifled with. It is not a dead letter, and must be enforced.”
 

 Both of the cited eases and quotations were approved in State v. Fairfax, 107 La. 624, 31 So. 1011. See, also, City of Shreveport v. Copola, 157 La. 102, 102 So. 83.
 

 And it is the settled jurisprudence of the state that the admission by the prosecution, under the provisions of Act 84 of 1894, that the absent witness, if present, will testify as alleged in defendant’s motion for continuance, where the sheriff has not made an earnest effort to secure the attendance of the witness, will not justify a refusal of the continuance, as such a construction of the objects and purposes of the statute would operate as a nullification of the constitutional right of an accused to have compulsory process for the attendance of his witnesses. State v. Anderson, 142 La. 553, 77 So. 279, and authorities therein cited.
 

 Bill No. 6. This bill was taken to the action of the trial judge in admitting, over defendant’s objection, certain testimony offered in rebuttal by the state. Since we have reached the conclusion that the case must be remanded, it would not serve any useful pur- ' pose to pass upon the merit of this bill.
 

 For the reasons assigned, the conviction and sentence appealed from are annulled, an¡J the case is remanded to the district court for a new trial.