311 So.2d 871 (1975)
STATE of Louisiana
v.
Johnny W. HINES.
No. 55678.
Supreme Court of Louisiana.
April 24, 1975.
Murphy W. Bell, Director, Michael A. Cavanaugh, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
*872 SUMMERS, Justice.
Appellant Johnny W. Hines was charged by bill of information with an attempt to commit second degree murder in violation of Articles 27 and 30.1 of the Criminal. Code. After trial by jury he was convicted and sentenced to serve eighteen years imprisonment at hard labor. On this appeal, he relies upon three bills of exceptions for reversal.

Bill 1
An objection was made, and this bill was reserved to the overruling on an oral motion made by defendant in proper person for a brief continuance. He alleged that time was needed to enable him to locate and subpoena an unidentified witness in his behalf and to confer with his court appointed attorney.
Two jurors had been sworn and examined when the motion was made and the trial had commenced. La.Code Crim.Proc. art. 761. No continuance is permitted after the trial has commenced. Ibid. art. 708. Additionally, the oral motion fails to comply with the requirement that a motion for continuance be in writing and verified by defendant counsel's affidavit, Ibid. 707. The motion, then, is more properly a motion for a recess, a temporary adjournment of a trial after it has commenced, which need not be in writing. Ibid art. 708.
Viewed as a motion for a recess, the ruling of the trial judge is supported by the record and will not be disturbed.
In his motion, addressed to the trial judge, defendant stated: "Mr. Cavanaugh was appointed by you to defend me, and I don't think that Mr. Cavanaugh is prepared to defend me, for the simple reason is (sic) the only time I've talked to Mr. Cavanaugh is actually right now." At this point defense counsel joined in the motion saying that he was ready for trial, but since he felt "the appearance of justice [was] sometimes ... as important as justice itself," another counsel should be appointed for the defense.
Upon further questioning by the court, defendant denied any dissatisfaction with his attorney other than that he should be given an opportunity to consult with him "to try to establish a defense." The trial judge then questioned defense counsel about the adequacy of his preparation of defendant's case and was assured that appropriate efforts had been made by investigators to secure all witnesses favorable to the defense. When asked if he knew of any witnesses whom he might want to subpoena on his behalf, defendant asserted he knew of one but did not know his name. Defense counsel disclosed that efforts had already been undertaken to locate the individual. Under these circumstances the judge denied the oral motion for a continuance.
On appeal the defense argues that the ruling was reversible error, and the continuance should have been granted "in the interest of justice and fair play". The contention is not supported by any particular reference to the injustice or unfairness which resulted from the denial of the motion.
This bill has no merit.

Bill 2
While defense counsel was questioning the prospective juror Foster on his voir dire, it was ascertained that Foster had served as a juror in a criminal case the day before, and that he desired to claim an exemption from service in this case if he was entitled to do so. The judge ruled that he was not entitled to an exemption.
In 1974 when this case was tried, exemption of jurors from service was governed by Article 403 of the Code of Criminal *873 Procedure,[1] which, in pertinent part, provides:
"The following persons are exempt from jury service, but the exemption is personal to them and is not a ground for challenge:
. . . . .
"(5) Persons who have served as grand or petit jurors in criminal cases or as trial jurors in civil cases during a period of three years immediately preceding their selection for jury service."
The ruling of the trial judge is correct.
As we understand the facts, the prospective juror Foster had only served as a petit juror in one criminal case the day before, and he had not served at any other time during a period of three years immediately preceding his selection in this case. It is understood, also, that when a juror is called for service in East Baton Rouge Parish, the call contemplates service for one week, and he is only called once every three years.
This practice is a reasonable application of the provision of Article 403 exempting jurors who have "served as grand or petit jurors in criminal cases." Ibid, art. 2. Thus the juror was not entitled to claim the exemption, as his service on one case the day before did not satisfy the requirement of "service" during the full week for which he was called. Even if he had not been accepted as a juror in this case, his "service" was not complete before the week had expired. The "service", when reasonably construed, includes "cases", whether one or more, during the period for which the juror is called.
Moreover, in the absence of a showing of prejudice to the defendant, when jurors are denied an exemption, "personal to them" no prejudice to a substantial right of the accused occurs; nor does such a ruling constitute a substantial violation of a constitutional or statutory right of the accused. Ibid. art. 921. Entitlement to these exemptions by a juror, when not claimed, does not serve as a ground for challenge. Ibid. art. 403. And the conclusion results that when exemption is claimed and is denied no ground for challenge, and, therefore, no right of the accused, is denied. It is the right of the juror to the exemption which is denied in such a case, which he may enforce by mandamus or other appropriate procedure.
There is no merit to this bill.

Bill 3
This prosecution grew out of the shooting of a man named Palmer at a newspaper office in Baton Rouge. Defendant, who had been employed there, was quitting his job. An argument with Palmer arose over his entitlement to accumulated vacation and sick pay. During the confrontation defendant grabbed Palmer and shot him three times in the face with his hand gun loaded with hollow point bullets.
On cross-examination the State attempted to ask him if he had been convicted before of misdemeanorsthat is, unauthorized use of a car, carrying a concealed weapon, escape and petty larceny to which the defense objected, and when the objection was overruled this bill was reserved.
Defense counsel argues that reference to prior criminal conviction by the State on cross-examination of the accused, upon the authority of Section 495 of Title 15 of the Revised Statutes, is limited to convictions of prior felonies, and evidence of conviction of prior misdemeanors is not authorized. To do so, it is argued, results in prejudice, for the probative value gained *874 by the introduction of these offenses is heavily outweighed by the danger that the jury will be swayed by the force of prejudice against the accused rather than by a detached evaluation of the evidence.
Section 495 refers to "[e]vidence of conviction of crimes" and makes no distinction between felonies and misdemeanors. Article 7 of the Criminal Code defines crimes as "conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state." This definition unmistakably includes misdemeanors.
The question has been answered in State v. Odom, 273 So.2d 261 (La.1973). There the Court found a like argument had no validity. See also State v. Bradford, 298 So.2d 781 (La.1974); State v. Prather, 290 So.2d 840 (La.1974). Therefore, this bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
NOTES
[1] Since January 1, 1975 when the Constitution of 1974 became effective, exemptions from jury service have been governed by rules of this Court pursuant to Section 33(B) of Article V, and in accordance with Act 22 of the Extra Session of 1974 amending Article 403 of the Code of Criminal Procedure.