341 So.2d 385 (1976)
STATE of Louisiana
v.
Jimmy MIZELL.
No. 58365.
Supreme Court of Louisiana.
December 13, 1976.
*386 Arthur F. Dumaine, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., W. W. Erwin, Dist. Atty., John N. Gallaspy, Second Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Jimmy Mizell was indicted by the grand jury for the parish of Washington for theft of cattle in violation of La.R.S. 14:67.1. After trial by jury, defendant was found guilty of attempted cattle theft and sentenced to serve eighteen months at hard labor. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence. Finding merit in Assignments of Error Nos. 1 and 5, we reverse the conviction and sentence and remand the case for a new trial. Accordingly, we need not consider the remaining assignments of error.

ASSIGNMENTS OF ERROR NOS. 1 AND 5
Defendant contends the trial judge erred in refusing to grant him a recess[1] in order to locate and secure the presence at trial of a key witness in his defense (Assignment of Error No. 1). Defendant additionally assigns as error the denial of his motion for a new trial, which motion reurged as error the ruling of the trial judge refusing a recess (Assignment of Error No. 5).
The record reflects that on November 5, 1973, defendant Jimmy Mizell and his brother Johnny Ray Mizell were charged in the same indictment for the theft of a calf. After numerous delays, the state elected to try defendants separately. Johnny Ray Mizell pleaded guilty to the charge against him and was sentenced on September 17, 1974 to serve eighteen months at hard labor. Trial of the defendant Jimmy Mizell was set for January 7, 1975. On December 20, 1974, eighteen days prior to trial, counsel for defendant applied for the issuance of a subpoena for the attendance at trial of Johnny Ray Mizell, giving the address of the witness as Angola State Prison, Angola, Louisiana. The per curiam of the trial judge discloses that the subpoena was not issued by the Washington Parish Sheriff's Office to the sheriff of West Feliciana Parish until December 31, 1974.
On the morning of the trial, immediately after the jury was selected and sworn, defendant discovered that the subpoenaed witness, Johnny Ray Mizell, was not present in court and brought this fact to the court's attention. The trial judge advised defendant that a return had been made indicating that the witness was not at Angola; he further stated that the witness had been transferred to the state prison at DeQuincey. Defendant, unaware of any such *387 transfer, announced his intention to move for a recess in order to locate the essential witness in the defense's case. The trial judge informed defendant that he would not grant a recess but would allow him to introduce testimony regarding the accuracy of the return. Defendant called the wife of the subpoenaed witness who testified that she had visited her husband at Angola on December 25, 1974 (Christmas Day) and had also received a letter from him from Angola on the day before the trial. The letter was dated January 2, 1975. In support of the return, the state adduced the testimony of Ventrees Adams, chief deputy of the Washington Parish Sheriff's Office. Adams testified that on the morning of the trial, he had received by mail from the sheriff of West Feliciana Parish the following return on the defendant's subpoena:
Dear Sir: I am returning the papers unserved. After checking with authorities at the penitentiary, we found they had no one either working or serving time by the name of Johnny R. Mizell. Thanks. W. C. Percy, Jr., Sheriff.
Adams admitted that, subsequent to the receipt of this return, no attempt was made by the Washington Parish Sheriff's Office to contact the authorities at Angola in an effort to determine the present whereabouts of the subpoenaed witness.
Documents filed by the defendant in connection with his motion for a new trial contradict the facts recited in the return from the sheriff of West Feliciana Parish. The penitentiary record of Johnny Ray Mizell (subpoenaed witness) dated January 9, 1975 and his affidavit executed on January 11, 1975 both indicate that the witness was incarcerated at Angola on the date of defendant's trial and that he had been continuously confined there, without transfer, since his initial imprisonment on September 24, 1974. The affidavit of the witness additionally contains an attestation that he was the sole perpetrator of the cattle theft for which he and his brother, the defendant in this case, were jointly indicted by the grand jury. Had Johnny Ray Mizell been properly served and been present in court on January 7, 1975, his testimony to this effect would have corroborated that of the defendant who took the stand in his own behalf and swore that he had not taken part in the cattle theft.
The only question presented by these assignments of error is whether the state's failure to serve a subpoena on an essential defense witness (a former co-defendant who had pleaded guilty to the offense), together with the refusal of the trial judge to grant a recess for the purpose of locating and securing the presence of this witness, effectively denied defendant his constitutional right to compulsory process.[2]
The right of a person charged with a criminal offense to have compulsory process for obtaining witnesses in his favor is embodied both in the federal and state constitutions as well as in the statutory law of this state. U.S.Const. Amend. 6; La.Const. art. 1, § 16 (1974); La.Code Crim.P. art. 731. The right to compulsory process is the right to demand subpoenas for witnesses and the right to have those subpoenas served. State v. Dennis, 250 La. 125, 194 So.2d 720 (1967). A defendant who wishes to have a subpoena issued for the attendance of a witness who is not residing in the parish where the trial or hearing is held shall file a written application with a supporting affidavit stating the address and parish wherein the witness resides. La.Code Crim.P. art. 740. The law directs that the sheriff of any parish in which the witness may be found or of the parish in which *388 the proceeding is pending, shall serve the subpoena and make a return thereof without delay. La.Code Crim.P. art. 734. When a witness cannot be found, the sheriff must set out in his return every fact that in his opinion justifies the return. La.Code Crim.P. art. 736. A witness who is duly served and fails to appear may be attached by court order and brought to court immediately by either the sheriff of the parish from which the attachment is issued or by the sheriff of the parish wherein the witness is found. La.Code Crim.P. art. 737.
We have consistently held that the constitutional right to compulsory process for the attendance of witnesses is not to be trifled with. It is not a dead letter and must be enforced. State v. Bickham, 208 La. 1026, 24 So.2d 65 (1945); State v. Owens, 167 La. 1016, 120 So. 631 (1929). A return on a subpoena must show what steps have been taken to find an accused's witnesses, what inquiries have been made, from whom, and where those inquiries were made. It is not enough that an officer assert that a witness cannot be found; he must state every fact which justifies this conclusion on his part. This done, the essential question is whether there has been on the part of the officer that diligent search without which the accused might be deprived of the right of compulsory process. State v. Scott, 110 La. 369, 34 So. 479 (1903). We have held that a sheriff in serving a subpoena may not rely on the account of others that a witness is not home or out of the jurisdiction without making further inquiry as to where the witness might be found or when he might return. State v. Bickham, supra; State v. Owens, supra.
The defendant in this case had a constitutional right to have a subpoena served on his brother Johnny Ray Mizell unless it was affirmatively shown that, after diligent search and inquiry, the witness could not be found. No such showing has been made in the instant case. Defendant made timely application for the subpoena of a key witness in his defensea witness whose testimony would have exonerated defendant of guilt of the crime charged. He provided the sheriff of Washington Parish with what, to the best of his knowledge, was the correct address of the witness. The documents in the record suggest that the witness was, in fact, incarcerated at Angola on the date of the attempted service of the subpoena, despite the return of the sheriff of West Feliciana Parish indicating otherwise. Even had the witness been transferred to another penal institution as suggested by the trial judge, it is obvious that the court was well aware that the witness was confined in the custody of the state and would have been available to testify had a diligent inquiry and investigation into his whereabouts been undertaken. Moreover, had the subpoena been issued without delay after application was made therefor on December 20, 1974, it is probable that defendant would have been apprised of the confusion over the witness' whereabouts before the morning of trial and in time to rectify the situation.
Under the circumstances of this case, we are of the opinion that the sheriff's return was either incorrect or inadequate thereby resulting in a denial of defendant's right to compulsory process. Accordingly, we find error in the ruling of the trial judge refusing to grant a recess and denying defendant's motion for a new trial based on this ruling.

DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial in accordance with law.
SANDERS, C.J., dissents with written reasons.
SUMMERS, J., dissents for the reasons assigned by the Chief Justice.
SANDERS, Chief Justice (dissenting).
In my opinion, the trial judge properly denied the motion for a continuance. The case was called for trial and proceeded with no objection by the defendant or a request that the names of the witnesses be called.
*389 The defense made no complaint of the absence of a witness until after the jury had been selected. Hence, a continuance could not properly be granted. See LSA-C.Cr.P. Arts. 708, 761.
Article 708 of the Louisiana Code of Criminal Procedure provides in pertinent part:
"A continuance is the postponement of a scheduled trial or hearing and shall not be granted after the trial or hearing has commenced."
The defense did not request a recess, that is, a temporary adjournment of the trial, and the judge did not rule on such a request. A defendant cannot validly urge such a motion for the first time on appeal. LSA-C.Cr.P. Art. 841; State v. Marks, La., 337 So.2d 1177 (1976); State v. Powell, La., 325 So.2d 791 (1976); State v. Forbes, La., 310 So.2d 569 (1975). Hence, the contention should be rejected on procedural grounds alone.
If, however, the oral motion for a continuance is treated as a motion for a recess, as the majority does, the trial judge could have properly overruled it.
The record makes clear that the defense did not use due diligence in securing the presence of the witness, known to be incarcerated in the state penal system. It is true that the defense wrote a letter to the Clerk of Court requesting the issuance of a regular subpoena. However, the issuance of such a subpoena to a prisoner in the custody of the Louisiana Department of Corrections in another parish is futile. The production of a prisoner for testimony requires a writ of habeas corpus ad testificandum directed to the warden of the penal institution. See LSA-C.Cr.P. Art. 351; State v. Cortez, 241 La. 610, 129 So.2d 792 (1961); 97 C.J.S. Witnesses § 30, p. 415.
Secondly, the defense made no certification of the facts to which the witness would testify until the filing of the motion for a new trial. At that time, the trial judge found that the facts attested contradicted prior statements of the same witness. In his Per Curiam, the trial judge states that the proffered testimony is unlikely to change the verdict.
Thirdly, if the motion for continuance is now treated as a motion for a recess, it must consistently be treated as a motion for a recess of an indefinite duration. The record reflects that the defense moved that "this matter be continued until such time as this witness who is essential to the defense can be brought before this court." Tr. 28-29.
At the time the defense made the motion, the jury had been impanelled and the witnesses sequestered. A recess of indefinite duration should not be granted at this stage of the trial. Moreover, a specific recess of more than a few hours should be granted only for the most compelling reasons. The granting of a motion for a specific recess rests within the sound discretion of the trial judge. See State v. Hines, La., 311 So.2d 871 (1975).
Finally, in support of the trial judge's discretion, it must also be noted that the defendant had illegally obstructed the trial on several prior occasions. When the case came on for trial on March 4, 1974, the defendant failed to appear, and the court ordered that a warrant issue for his attachment. When the case came on for trial on May 6, 1974, the defendant was still at large, and the case had to be continued. On November 6, 1974, the defendant again did not appear for trial, and the case was continued. On November 7, 1974, the defendant was brought before the court, sentenced to ten days imprisonment for contempt and his bond was increased to $25,000.00.
Under all circumstances, I conclude that the trial judge correctly overruled the motion.
For the reasons assigned, I respectfully dissent.
NOTES
[1] At trial and in brief to this court, defendant refers to his motion as one for a continuance. Inasmuch as the trial had already begun with the calling of the first juror, as provided in La.Code Crim.P. art. 761, a continuance could no longer be granted. La.Code Crim.P. art. 708; State v. Washington, 272 So.2d 355 (La.1973). The motion then is more properly a motion for a recess, a temporary adjournment of a trial after it has commenced, which need not be in writing or comply with the formal requisites of a motion for a continuance. La.Code Crim.P. art. 708; State v. Hines, 311 So.2d 871 (La.1975). Accordingly, we treat the motion discussed herein as though it had been properly denominated by defendant.
[2] While La.Code Crim.P. art. 351 may be authority for obtaining the presence of an incarcerated person as a witness at trial through the procedural device of a writ of habeas corpus, there is no indication that this is the only device which may be used, nor does the Code specifically provide for a writ of habeas corpus ad testificandum. In any event, the state by its issuance, service, and return on the subpoena for the attendance of the imprisoned witness has in effect acquiesced in the use of the subpoena procedure in the instant case. Moreover, inasmuch as the defendant's right to compulsory process is a constitutional one, the trial judge should have granted defendant's motion for a recess in order to secure the presence of defendant's witness for reasons more fully explained hereafter.