372 So.2d 1211 (1979)
STATE of Louisiana
v.
Jon F. HOGAN.
No. 63833.
Supreme Court of Louisiana.
June 25, 1979.
*1212 A. J. Boudreaux, Staff Appeals Counsel, 24th Judicial District Indigent Defender Bd., Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., G. Miachel Grosz, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Jon F. Hogan was indicted by the grand jury for distribution of heroin in violation of La.R.S. 40:966A(1). After trial by jury, he was found guilty as charged and sentenced to life imprisonment at hard labor. On appeal, defendant relies on three assignments of error for reversal of his conviction and sentence. Finding merit in one of the assigned errors, we need not consider the others.
Defendant contends the trial judge erred in refusing to grant him a recess[1] in order to secure the presence at trial of a key witness in his defense (Assignment of Error No. 1).
The record reflects that defendant was indicted by the grand jury for distribution of heroin on December 3, 1976. After several delays, trial was set for July 18, 1977.
Prior to trial, defendant filed a motion requesting the state to disclose the name and address of a third party (not a police officer) who participated in the crime charged. It was further alleged that this information was known to the police, favorable to defendant, and material and relevant to preparation of a defense on the merits. Thereafter, on May 3, 1977, defense counsel withdrew from the case and on June 29, 1977, the trial judge appointed new counsel to represent defendant.
On July 18, 1977, defense counsel moved for a continuance grounded on the claims that she had just been appointed counsel for defendant on June 29, 1977, that she had not had sufficient time to prepare a proper defense in that the record of the case had not been made available to her until July 14, 1977, and that there had been no hearing on defendant's prayer for oyer and motion for a bill of particulars. The trial judge granted the continuance and fixed a new trial date for September 19, 1977. At the same hearing, defense counsel informed the judge that the state had not yet disclosed the name and address of the individual who had participated in the crime charged. In response, the district attorney conceded that defendant was entitled to such information, disclosed that the name of the individual was Olivia Steiner, and assured the court that he would provide defendant with Steiner's out-of-state address from the police records.
*1213 On August 26, 1977, defendant filed a rule to show cause why the district attorney should not be held in contempt of court for his failure to disclose Steiner's address after being ordered to do so and repeated defense requests. At the hearing on this ruling (September 1, 1977), the trial judge informed defendant that the name of this individual was Olivia Esenwein (not Steiner) and provided defendant with her address in Arlington County, Virginia.
Thereafter, on September 14, 1977, defendant filed a motion to obtain the witness, Olivia Esenwein, from Virginia and a motion for continuance based upon the contention that Esenwein's testimony was necessary to establish a defense of entrapment. On September 19, 1977, the trial judge granted the continuance and reset the case for October 17, 1977. On September 28, 1977, the trial judge, pursuant to La.Code Crim.P. art. 741,[2] issued a certificate to the court in Arlington County, Virginia, stating that Esenwein was a material witness in the prosecution of defendant pending in a court of record in this state and specifying that Esenwein would be required in this state for defendant's trial from October 15, 1977, through the duration of trial.[3]
On the day of trial (October 17, 1977), immediately after the jury was selected and sworn, defendant moved for a recess alleging that, although all the necessary procedures had been followed in order to obtain Esenwein from Virginia, defense counsel had been unable to determine whether Esenwein was present for trial. In support of this allegation, defense counsel, under oath, testified that she had filed the trial judge's order certifying Esenwein as a material witness in the criminal clerk's office of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, with instructions that it be presented to the proper authorities in Arlington County, Virginia. Thereafter, the clerk's office informed defense counsel that the order had been sent to a sheriff in Arlington County, Virginia; however, upon contacting this sheriff, defense counsel learned that he had not received the order certifying Esenwein as a material witness in defendant's prosecution. Defense counsel again contacted the clerk's office and was reassured that the order had been sent to the proper authorities in Arlington County. Upon once again contacting the authorities in Arlington County, defense counsel was informed that the sheriff had personally spoken with Esenwein who indicated that she had every intention of testifying at defendant's trial. Defense counsel emphasized to the court that Esenwein's testimony was essential to establish a defense of entrapment. The trial judge denied the motion for continuance and the trial proceeded.
At trial, Farrell Whithead, a Jefferson Parish sheriff's deputy assigned to the narcotics division, testified that Olivia Esenwein was a police informant who had previously been arrested in connection with a charge of distribution of heroin, but had agreed, in return for reduction of the charge, to cooperate with narcotics agents by introducing them to heroin distributors. According to Whithead, on August 24, 1976, Esenwein informed him that defendant had contacted her in reference to heroin he had for sale and she told defendant that, although *1214 she did not want any, she had a friend (Whithead) who was interested in a purchase of heroin. Esenwein instructed Whithead to meet her in front of a food store. Thereafter, Whithead arrived at the food store and met Esenwein and defendant, who subsequently produced six packets of aluminum foil containing heroin which he handed and sold to Whithead for seventy-two dollars.
Defendant testified that he met Olivia Esenwein in June 1976 and that she thereafter first introduced him to the use of heroin. On August 24, 1976, Esenwein called him, explaining that she had a new boyfriend who was willing to help her "detox" herself from the use of heroin, and asked defendant to obtain some heroin for her from one of her friends. Although defendant maintained that he had not used heroin for approximately three weeks prior to Esenwein's phone call, he agreed to obtain the heroin for her because, knowing the effects of withdrawal from the drug, he felt sorry for her. Defendant subsequently met Esenwein and Whithead (who was introduced to him as Esenwein's new boyfriend) in front of the food store and handed the heroin to Esenwein (not Whithead) who paid him for the heroin.
The right of a person charged with a criminal offense to have compulsory process for obtaining witnesses in his favor is embodied both in the federal and state constitutions as well as in the statutory law of this state. U.S.Const. amend. 6; La.Const. art. 1, § 16; La.Code Crim.P. art. 731; see also State v. Mizell, 341 So.2d 385 (La.1976). A defendant is thus entitled to summon, at state expense, the attendance of witnesses from outside the state, provided he makes a prior showing that the testimony is relevant and material. State v. Barnes, 365 So.2d 1282 (La.1978); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Chavers, 294 So.2d 489 (La.1974), cert. den., 419 U.S. 1111, 95 S.Ct. 786, 42 L.Ed.2d 808 (1975). La.Code Crim.P. art. 741 provides for obtaining a witness from another state and requires the trial judge to issue a certificate under the seal of court stating that a person in another state is a material witness in a prosecution pending in a court of record in this state and specifying the number of days the witness shall be required. This certificate shall be presented to a judge of a court of record in the county (parish) in which the witness is found. La.Code Crim.P. art. 741. Defendant is entitled to have the procedures set forth in this article complied with. However, this right is predicated on the exercise by the accused of due diligence.
In the instant case, defendant raised entrapment as a defense to the charge against him. Eisenwein, the absent witness, was a police informant who allegedly participated in the crime charged. Prior to trial, the trial judge certified the relevance and materiality of Esenwein's testimony. At trial, critical differences developed between defendant's and Whithead's testimony concerning Esenwein's role in the transaction. As such, the necessity for her presence at trial and the prejudice caused defendant by her absence are clear. In addition, defendant fully complied with the procedural requirements of article 741 and relied upon the assurances of the clerk's office that the certificate of the trial judge would be presented to the proper authorities in Arlington County, Virginia. Although (for some undetermined reason) this certificate was apparently never presented to such authorities and defendant was unaware of the absence of the witness until the day of trial, we are unable to say that these occurrences resulted from a lack of due diligence on the part of defendant. In fact, the state's unexplained failure to promptly provide defendant with Esenwein's correct name or her address contributed substantially to the delays occasioned in this matter.[4] Moreover, defendant made an adequate showing *1215 that Esenwein would have appeared to testify at trial had the proper procedures been followed.[5]
Accordingly, under the circumstances of this case, we conclude the trial judge erred in refusing to grant defendant a recess.

DECREE
For the reasons assigned, the conviction and sentence are reversed and the case is remanded for a new trial in accordance with law.
SUMMERS, C. J., dissents.
NOTES
[1] At trial, defendant referred to his motion as one for a continuance. In as much as the trial had already begun with the calling of the first juror, as provided in La.Code Crim.P. art. 761, a continuance could no longer be granted. La. Code Crim.P. art. 708; State v. Washington, 272 So.2d 355 (La.1973). The motion then is more properly a motion for a recess, a temporary adjournment of a trial after it has commenced, which need not be in writing or comply with the formal requisites of a motion for a continuance. La.Code Crim.P. art. 708; State v. Mizell, 341 So.2d 385 (La.1976); State v. Hines, 311 So.2d 871 (La.1975). Nevertheless, the same standard is applicable to judge the propriety of the trial court's ruling on a request for a recess. State v. Sharp, 321 So.2d 331 (La.1975). Accordingly, we treat the motion discussed herein as though it had been properly denominated by defendant.
[2] In pertinent part, La.Code Crim.P. art. 741 provides:

If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions or grand jury investigations commenced or about to commence in this state, is a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness shall be required. This certificate shall be presented to a judge of a court of record in the county (parish) in which the witness is found.
[3] In the memorandum in support of his motion to obtain a witness from another state, defendant, in compliance with the requirements of article 741, noted that Virginia had by its laws made provision for commanding persons within its borders to attend and testify in criminal prosecutions or grand jury investigations commenced or about to commence in this state. See Va.Code §§ 19.2-273 to 276.
[4] As previously noted, defendant was forced eventually to file a rule to show cause why the district attorney should not be held in contempt of court for failure to disclose the name and address of Esenwein. This rule was filed more than a month after the district attorney conceded that defendant was entitled to such information and assured the court that he would provide it to defendant from police records.
[5] If the certificate of the trial judge had been presented to a judge of a court of record in Arlington County, Virginia, there would have been the necessity for a judge of that county to hold a hearing to determine that the witness was material and necessary for the Louisiana proceeding. See Va.Code §§ 19.2-273 to 276. However, defendant established at trial that Esenwein was on probation at the time of trial, that her probation had previously been transferred from Louisiana to authorities in Virginia, and that a condition of such transfer was that she agree to return to Louisiana whenever so ordered.