404 So.2d 488 (1981)
STATE of Louisiana
v.
Jon HOGAN.
No. 80-KA-2363.
Supreme Court of Louisiana.
September 8, 1981.
Rehearing Denied October 9, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Patrick Leitz, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Ralph S. Whalen and Winston W. Purvis of Oestreicher & Whalen, New Orleans, for defendant-appellant.
*489 PONDER, Justice Ad Hoc.[*]
Defendant appealed from his conviction for distribution of heroin in violation of LSA-R.S. 40:966A(1).
Defendant relies on several assignments of error. Finding merit in one we need not consider the others.
Defendant sold six packets of heroin to a narcotics agent and Olivia Steiner Esenwein, a police informant, who had allegedly arranged the sale.
In the first prosecution, defendant raised the defense of entrapment, but was unable to obtain the presence of Mrs. Esenwein at trial. The district attorney did not supply Mrs. Esenwein's name and address until ruled into court for contempt after substantial delays even after agreeing to furnish the name and address. After defendant learned the witness had moved to Arlington County, Virginia, at his request, the trial court certified the relevance and materiality of Mrs. Esenwein's testimony to the Virginia court and requested her appearance pursuant to LSA-C.Cr.P. Arts. 731 and 741.[1] Defendant was unaware of Mrs. Esenwein's absence until the day of the trial.
This court found that defendant had exercised due diligence in trying to obtain Mrs. Esenwein's presence, that she probably would have appeared at trial had the proper procedures been followed by the state and that the state's unexplained failure to provide defendant with Mrs. Esenwein's name or address promptly had contributed substantially to the failure to appear. State v. Hogan, 372 So.2d 1211 (La.1979).
After remand, defendant again attempted to obtain Mrs. Esenwein's presence. According to the trial court, the Arlington county district judge and sheriff's office refused to honor or serve the Louisiana subpoena. The Louisiana trial court then asked the Arlington County sheriff to see if Mrs. Esenwein would voluntarily appear at the trial. The deputy reported Mrs. Esenwein had moved and her whereabouts were unknown.
A motion to dismiss was denied. Defendant was again convicted of distribution of heroin and sentenced to life imprisonment. The trial court denied defendant's motion for a new trial.
Defendant contends the state's actions prior to the first trial have resulted in a denial of his constitutional right to compulsory process. We find defendant's claim has merit.
A defendant has a right to have compulsory process for obtaining witnesses in his favor. U.S. Const. Amend. VI. The state violates this right when it arbitrarily denies a defendant the opportunity to put on the stand a witness whose testimony would be relevant and material to his defense. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1976). The government generally has no obligation to look for defendant's witnesses unless the witness was made unavailable through the suggestion, procurement, or negligence of the government. Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972); Singleton v. Lefkowitz, 583 F.2d 618 (2nd Cir.1978); United States v. Tsutagawa, 500 F.2d 420 (9th Cir.1974); United States v. *490 Calzada, 579 F.2d 1358 (7th Cir.1978); "Confrontation and Compulsory Process; A Unified Theory of Evidence for Criminal Cases", 91 Harv.L.Rev. 567 (1978).
While we are not unmindful of the state's efforts to secure Mrs. Esenwein's return for the second trial, informal, belated and inadequate though they may be, we agree with defendant the state's actions prior to the first trial have caused her unavailability and have resulted in a denial of defendant's right to compulsory process. Admittedly, Mrs. Esenwein has returned to Louisiana to testify in some other criminal cases, both before and since defendant's first trial. There is even some suggestion that she may have returned to Louisiana to live. It is not unlikely that her appearance can again be obtained. The uncooperative and dilatory actions of the State in the first case led to the absence of the witness in the first trial. It is hardly consistent with due process and fair trial to allow the State to say the conviction should be affirmed because it now does not know the witness's whereabouts, even though she has been a witness in other trials.
Accordingly, we reverse defendant's conviction and sentence and remand the case for a new trial.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I agree that the trial court erred in requiring defendant to go to trial without the presence of a key witness, when the prosecution was responsible for the witness' failure to appear at the original trial.[1] I therefore agree that the conviction should be set aside.
The ultimate question will be whether defendant is entitled to a dismissal of the charge because of the prosecution's original inaction in the matter.[2] Perhaps the trial court will order the prosecution to produce the witness or to dismiss the charge because of the initial violation of defendant's constitutional right to compulsory process. If the witness is produced, then the question of this violation will probably be moot. But if the witness cannot be produced by either side within a reasonable time, then the questions raised by defendant's motion for dismissal will be squarely before the trial court.
NOTES
[*] Judges Ellis, Lottinger and Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.
[1] LSA-C.Cr.P. Art. 731:

"The court shall issue subpoenas for the compulsory attendance of witnesses at hearings or trials when requested to do so by the state or the defendant. Clerks of court may issue subpoenas except as provided in Article 739. Amended by Acts 1980, No. 286, § 1."
LSA-C.Cr.P. Art. 741:
"If a person in any state, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions or grand jury investigations commenced or about to commence in this state, is a material witness in a prosecution pending in a court of record in this state, or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness shall be required. This certificate shall be presented to a judge of a court of record in the county (parish) in which the witness is found."
[1] Defendant filed a motion to dismiss the charge, which was denied, and the conviction ensued. Our judgment remanding the matter for a new trial is not truly responsive to defendant's motion, but places the case in the correct status for possible further action.
[2] The witness was on probation when defendant subpoenaed her, both for the original trial and for this trial. Under the terms of her probation the witness was required to return to Louisiana to give testimony or to have her probation revoked. Therefore, the witness in all probability would have appeared, but for the prosecution's unexcused inaction.