Judge Joy Cossich Lobrano
Appellant, the State of Louisiana ("State"), appeals the district court's April 4, 2017 judgment granting defendant, Jimmy Brown's ("Defendant") motion to quash the bill of information filed against him. For the reasons that follow, we reverse the district court's judgment and remand this matter for further proceedings.
Defendant was arrested and released on a $5,000 recognizance bond on April 20, 2012.[1] The minute entry notes that, as to Defendant, a motion to determine counsel hearing was set for May 1, 2012 and a rule to show cause was scheduled for June 16, 2012. On June 15, 2012, however, the State filed a bill of information charging Defendant with possession of cocaine, a felony violation of La. R.S. 40:967(C)(2) (count 3) and possession of marijuana, a misdemeanor violation of La. R.S. 40:966(E)(1)[2] (count 4). These incidents allegedly occurred on April 16, 2012.[3]
Arraignment was set for July 16, 2012; however, Defendant failed to appear as he was not served. The matter was continued on defense motion to July 30, 2012. The district court ordered that Defendant be notified at the address Defendant had provided at the time he was released on bond. On July 30, 2012, Defendant again failed to appear for arraignment, prompting the State to introduce copies of Defendant's bond and the subpoena returns marked "Subject Moved" as exhibits to its motion *286 for bond forfeiture.[4] The district court granted the bond forfeiture motion and issued an alias capias for Defendant's arrest.
Four and a half years after he was charged via bill of information, Defendant was arrested on January 30, 2017, and subsequently arraigned on February 3, 2017. On March 8, 2017, Defendant filed a motion to quash the bill of information on the basis of prescription pursuant to La. C.Cr. P. art. 578(A)(2).[5] Defendant argued that the sheriff had unsuccessfully attempted to serve him on two occasions-July 6, 2012 and July 18, 2012, and that each time, the sheriff checked off "Subject Moved" without any further comments. Defendant asserted that the subpoena returns were insufficient under La. C.Cr. P. art. 736, and thus, the State failed to establish an interruption of prescription.
The State filed an opposition on March 17, 2017, arguing that Defendant's failure to update his address made it impossible to serve him, and therefore the limitations period was interrupted pursuant to La. C.Cr. P. art. 579 (A)(2). Neither the State nor the Defendant put on testimony or other evidence (with the exception of the subpoena returns and bond) to show whether Defendant, in fact, continued to reside at the address Defendant placed on his bond.
After hearings held on March 17, 2017, March 28, 2017 and March 31, 2017, the district court granted the Defendant's motion to quash on April 4, 2017. In a per curiam, the district court made no factual finding regarding whether Defendant had moved from the address he provided on his bond. Instead, the district court found that the subpoena returns were insufficient to establish an interruption of prescription as a "matter of law." The district court found that "the checking off of a box 'subject moved' is [ ] non-compliant with the clear provision in La. C.Cr.P. art. 736 as no additional facts were set forth explaining any particulars to support the checking of the box 'subject has moved.' "
This appeal timely follows.
In its sole assignment of error, the State argues that the district court erred by granting Defendant's motion to quash. A reviewing court will generally not disturb a district court's ruling on a motion to quash on the ground that the time limitation for commencement of trial had expired in the absence of an abuse of discretion. See State v. Sorden, 2009-1416, p. 3 (La. 4 Cir. 8/4/10), 45 So.3d 181, 183 ; State v. Batiste, 2005-1571, p. 9 (La. 10/17/06), 939 So.2d 1245, 1251. When the issue presented in a motion to quash is exclusively a question of law, however, we review the ruling de novo. See State v. Hamdan , 2012-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816. In the case sub judice , the relevant question is a question of law-whether the subpoena returns were filled out in compliance with La. C.Cr.P. art. 736. Accordingly, we review this matter de novo.
The analysis of whether the applicable periods of limitations for trial have passed begins at La. C.Cr.P. art. 578.
*287 Article 578 enforces a defendant's right to a speedy trial and prevents oppression arising from the indefinite threat of criminal prosecution. See State v. Ramirez , 2007-0652, p. 4 (La. App. 4 Cir. 1/9/08), 976 So.2d 204, 207. It provides:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.
La.C.Cr.P. art. 578.
Prosecution was instituted in this case via bill of information. See Sorden , 2009-1416 at p. 4, 45 So.3d at 184 ("One method of instituting prosecution of a felony not punishable by death or life imprisonment is by the filing of a bill of information."); see also La. C.Cr.P. art. 382 (A). Possession of cocaine is a non-capital felony; thus, as a general rule, trial on that count should have commenced within two years of the filing of the June 15, 2012 bill of information.[6] Possession of marijuana is a misdemeanor; thus, trial should have commenced on that count within one year of the filing of the June 15th, 2012 bill of information. Passage of the applicable period of limitation mandates dismissal "unless the state carries its burden of showing valid grounds to support an interruption or sufficient suspension of these time periods." State v. Rome , 93-1221 (La. 1/14/94), 630 So.2d 1284, 1286 ; State v. Stewart , 2015-0135, p. 6 (La. App. 4 Cir. 9/9/15), 176 So.3d 465, 469.
The next step in the analysis is to determine whether the applicable period of limitation has been interrupted. The period of limitation may be interrupted for one of the reasons set forth in La. C.Cr.P. art. 579, which provides, in pertinent part:
A. The period of limitation established by Article 578 shall be interrupted if:
1. The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
2. The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
3. The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
The State argues that the prescriptive period was interrupted because Defendant's presence could not be obtained by legal process. See La. C.Cr. P. art. 579 (A). The State's attempts to serve Defendant at the address which he provided on his bond were futile, the State argues, because Defendant had moved from that address. The requirements a subpoena return must meet to prove that presence cannot be procured by legal process are established by La. C.Cr.P. art. 736, which provides:
*288 A. The sheriff shall endorse on a copy of the subpoena the date, place, type of service, and sufficient other data to show service in compliance with law. When the witness cannot be found, the sheriff must set out in his return every fact that in his opinion justifies the return. He shall sign and return the copy promptly after the service to the court that issued the subpoena. The return, when received by the clerk, shall form part of the record and shall be considered prima facie correct.
B. The criminal sheriff for the Parish of Orleans when serving subpoenas under the provisions of Paragraph A of Article 735 of the Louisiana Code of Criminal Procedure shall endorse on a copy of the subpoena the date and time of mailing, and shall attach the return receipt of delivery from the United States Post Office showing the disposition of the envelope bearing the subpoena. He shall return the copy and the attached receipt to the court that issued the subpoena. The return, when received by the clerk, shall form part of the record and shall be considered prima facie correct and shall constitute sufficient basis for an action to cite persons for contempt for failure to appear in response thereto.
(emphasis added).
In its per curiam, the district court stated:
This Court rules that as a matter of law, there was non-compliance with the mandate of C.Cr.P. Art. 736 and further finds that the checking off of a box "subject has moved" is likewise non-compliant with the clear provision in La. C. Cr. P. Art. 736 as no facts were set forth explaining any particulars to support the checking off the box "subject has moved". Further, since there was insufficient service return, the bond likely should not have been forfeited by the undersigned. (However, there was no objection to the bond forfeiture ruling.)
We find that the district court erred as a matter of law in ruling that the sheriff's statement that the "Subject Moved" fails to comply with La. C.Cr.P. art. 736's "every fact" requirement. Upholding the district court's judgment would require this Court to compel the sheriff serving the subpoena to provide an arbitrary level of detail before the subpoena return "shall be considered prima facie correct." This is clearly contrary to the Legislative intent expressed in the clause "that in his opinion justifies the return." Upholding the district court's interpretation is beyond our judicial authority. See State v. Bedford, 2001-2298, p. 3 (La. 1/28/03), 838 So.2d 758, 760 (stating, "[w]hen the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the Legislature."); see also La. C.C. art. 2 ("Legislation is a solemn expression of legislative will).
Moreover, interpreting the "every fact" requirement to require something beyond "every fact that in his opinion justifies the return"-which could, by the clause's very nature, be but one fact-creates a quintessential "slippery slope" conundrum. Every subpoena return, which the Legislature intended "shall be considered prima facie correct," would then have to be litigated against this new judicially created test to determine its correctness. One can easily imagine the absurdity that would result-cases where a defendant with ten neighbors argues that a subpoena return indicating that an officer spoke with nine neighbors is insufficient, cases where a defendant with nine neighbors argues that a subpoena return indicating that an officer spoke with eight neighbors, etc.-all of *289 which would require judicial resolution despite the fact that the Legislature has already created a clearly applicable rule. Such an interpretation is contrary to the purpose of the Code of Criminal Procedure. La. C.Cr.P. art. 2 (stating, "[t]he provisions of this Code...shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay.").
Even more damaging to process, the district court's suggested interpretation will encourage defendants to evade service and wager that the State will not be able to meet the ever-shifting burden that such a rule would create through the multitude of cases that would arise under it. The articles of the Code of Criminal Procedure should be construed to guide proceedings to justice, not to promote gamesmanship. See La. C.Cr.P. art. 2 (stating "[t]he provisions of this Code are intended to provide for the just determination of criminal proceedings...."). If Defendant has continued to live in the address he provided and not failed to update his address, it is he who has access to the best evidence to prove that fact. Regardless of the circumstances of any particular case, one can be certain that the only person with actual knowledge of where a defendant is located will always be that defendant. Accordingly, any worry about the level of factual detail present on a proper service return is best assuaged by shifting the burden to the defendant to show that he was in fact present at the proper address, rather than creating additional hurdles for law enforcement outside of the boundaries of La. C.Cr.P. art. 579. See State v. Lawson, 2013-0812, p. 7 (La. App. 4 Cir. 11/20/13), 129 So.3d 792, 797 (stating that a sheriff's return is "considered prima facie correct...[b]ut the presumption is rebuttable if the trier of fact is persuaded by a preponderance of the evidence that the return is incorrect."). Compare State v. Pierre, 2015-0293, p. 14 (La. App. 4 Cir. 3/23/16), 192 So.3d 140, 149 (rejecting a defendant's argument that the State had an affirmative duty to search for her, and placing the burden on the defendant to provide the court with an updated address).
For these reasons, the district court's judgment quashing the bill of information is reversed. The case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED
LOVE, J., DISSENTS AND ASSIGNS REASONS
LOVE, J., DISSENTS AND ASSIGNS REASONS
I respectfully dissent from the majority in that I disagree with its application of de novo review as well as its interpretation of La. C.Cr.P. art. 736. In that the motion to quash in this case presents questions of fact and law, I find the appropriate standard of review is an abuse of discretion standard. State v. Lawson , 2013-0812, p. 6 (La. App. 4 Cir. 11/20/13), 129 So.3d 792, 796. The issue in this case is whether the service return was valid in accordance with La. C.Cr.P. art 736. Here, the trial court's finding was based upon the contents of the return as no other evidence was offered at the hearing. The trial court determined that as a matter of law, the mere checking of a box "Subject Moved" does not comply with La. C.Cr.P. art. 736. On appellate review, the majority holds that nothing else is required under the statute. It concludes that to require anything more holds the sheriff serving the subpoena to "an arbitrary level of detail" that is contrary to the legislative intent behind Article 736. I disagree.
As a matter of general statutory interpretation, a statute cannot be interpreted *290 so broadly that it defeats the purpose for which it was enacted or lead to absurd consequences. Further, provisions within a statute are to be read in conjunction and interpreted as to give meaning to each other. The State argued at the hearing on the motion to quash that once the service return is placed in the record it is presumed to be correct. However, the State also acknowledged that the presumption created by subsection (B) of article 736 is a rebuttable presumption. That is, the party attacking the validity of the service return is allowed to present evidence to controvert the State's assertion. Mr. Brown points to the return itself as evidence to argue that the return is not valid on its face. Review of the return shows that: (1) the "Served Date" is blank; thus, it fails to indicate the date service was allegedly attempted; (2) the sheriff allegedly responsible for serving Mr. Brown failed to sign the return; and (3) the comments section of the return has been left blank. The only demarcation appearing anywhere on the return is an "X" next to "Subject Moved."
The presumption of validity created by subsection (B) is in place to eliminate the need for the sheriff to present evidence concerning the validity of the return. See Hall v. Folger Coffee Co. , 03-1734, p. 12 (La. 4/14/04), 874 So.2d 90, 99 n. 22 (considering La. C.C.P. art. 1292, a provision comparable to La. C.Cr.P. art. 736 ). Nevertheless, I find the statute should not be interpreted, as the majority's holding suggests, that so long as the return is received by the clerk and made a part of the record, failure to comply with all of subsection (A)'s requirements is irrelevant. As the trial court pointed out, such an interpretation begs the question why the legislature enacted subsection (A) in the first place. This Court should not construe La. C.Cr.P. art. 736 in a way that leads to such an absurd result and which is contrary to longstanding jurisprudence.
Notwithstanding the fact that the service return fails to provide articulable facts to justify the return, the failure to indicate the date service was allegedly attempted and the failure of the sheriff to sign the return is sufficient evidence upon which the trial court could conclude that the return is invalid. In this case, the State presents no other evidence but the return. In that the return fails to even include the sheriff's signature and the date of the alleged attempted service, a question is raised as to whether service was actually made. The State ultimately bears the burden of establishing an interruption in the time limitations. Thus, where Mr. Brown establishes that the return fails to comply on its face, the State could have presented testimony or an affidavit from the sheriff serving the subpoena, and the State did not.
Additionally, I disagree with the majority's finding that an "X" next to "Subject Moved," in itself, is sufficient as to comply with subsection (A). The Comments of La. C.Cr.P. art. 736 state, "[t]his article should be construed in conformity with the jurisprudential rule that the sheriff or his deputy must exercise reasonable diligence in searching for the person designated in the subpoena. See La. C.Cr.P. art. 736 -Official Revision Comments (C)(1966).
In State v. Mizell , 341 So.2d 385 (La. 1976), the Louisiana Supreme Court examined Article 736 and governing jurisprudential law. The Mizell court held:
A return on a subpoena must show what steps have been taken to find [the accused], what inquiries have been made, from whom, and where those inquiries were made. It is not enough that an officer assert that [the accused] cannot be found ; he must state every fact which justifies this conclusion on his part. This done, the essential question *291 is whether there has been on the part of the officer that diligent search without which the accused might be deprived of the right of compulsory process.
Id. , 341 So.2d at 388.
In State v. Mills , the Louisiana Supreme Court reiterated its finding in Mizell and concluded that while "the article is specifically addressed to the subpoenaing witnesses, the same diligence must be exerted to serve a defendant with notice of his trial." Id. , 390 So.2d 874, 877 (La. 1980). The State asks this Court to presume that in fact Mr. Brown had moved because the service return contains an "X" next to the words "Subject Moved." Under the circumstances presented, the alleged assertion that the "Subject Moved" is the same as an officer asserting that the accused cannot be found. The service return, for that reason, is no different than what the Supreme Court in Mizell and Mills expressly rejected. Therefore, where the return fails to include any articulable fact(s) demonstrating that there has been a diligent search on the part of the officer, I find the requirements of subsection (A) have not been met in this regard either.
Given this Court is to construe Article 736 in conformity with Louisiana's longstanding jurisprudence, requiring the sheriff to exercise reasonable diligence in search of the person designated in the subpoena, I find the return, on its face, woefully lacking and fails to comply with Article 736. For these reasons, I dissent.

A recognizance bond is bail without a surety. See La. C.Cr.P. art. 325. Such bonds generally feature an unsecured financial obligation on the part of the released party in the event of a default. See La. C.Cr.P. art. 321 (A)(4).

When the bill of information was filed, La. R.S. 40:966(E)(1) referenced possession of marijuana, first offense. At the time of this opinion, possession of marijuana, first offense, is prohibited by La. R.S. 40:966(C)(2).

Defendant was charged, along with defendant Donald Harms, in count 3 and charged alone in count 4 of a four-count bill of information. Another co-defendant, Donovan Rayfield, was charged with two counts of distribution of cocaine (counts one and two) in the same bill of information.

A subpoena return dated "7/6/12" shows attempted service at the address on Defendant's bond and was marked by the server as "Subject Moved." A second subpoena return dated 7/18/12 to the same address is also marked as "Subject Moved." The record does not contain a copy of Defendant's release-on-recognizance bond, but it is uncontested in either party's brief that the attempts at service went to the address placed on the bond.

La. C.Cr. P. art. 578(A)(2) provides that trial must commence in felony cases within two years from the date of institution of the prosecution.

As discussed supra, Defendant was charged with possession of cocaine, a felony violation of La. R.S. 40:967(C)(2) and possession of marijuana, a misdemeanor violation of La. R.S. 40:966(D)(1) (at the time of this opinion, La. R.S. 40:966(C)(2) ).