381 So.2d 489 (1980)
STATE of Louisiana
v.
Johnny BERTRAND.
No. 65696.
Supreme Court of Louisiana.
March 3, 1980.
*490 James Miguez, Miguez, Leckband & Stainback, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard K. Knapp, Jr., Dist. Atty., Evelyn Oubre, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.[*]
Johnny Bertrand was charged by the grand jury in the same indictment with six separate counts of distribution of controlled dangerous substances, to-wit: methaqualone, amobarbital, secobarbital, methamphetamine, and phenmetrazine, in violation of La.R.S. 40:967(A)(1) and 40:968(A)(1). On the date of trial, the court granted a severance of three counts, and defendant was tried on the remaining three counts of distribution of amobarbital and secobarbital, methamphetamine and phenmetrazine. After trial by jury, defendant was found guilty as charged on all three counts and was sentenced to serve seven years at hard labor on each count. The court expressly directed that the sentences be served concurrently. On appeal, defendant relies on three assignments of error for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion for a mistrial made during the voir dire examination of the prospective juror, Joseph Vernon Metoyer, Jr.
On voir dire examination, the trial judge questioned the prospective jurors as to whether they knew any reason why they could not be fair and impartial jurors. One of the jurors, Joseph Vernon Metoyer, Jr., responded and the following colloquy took place between the trial judge and him:
A Yes, sir?
Q All right. Is your reason for saying that the ... the fact that you were at one time employed as an investigator for the district attorney's office?
A Yes, sir.
Q And is it ... your feeling such that you cannot get this out of your mind and be entirely free, or have a free mind, open mind, and accept the law as the Court would give it to you, and apply it to the evidence that you hear from the witness stand?
A No, sir; I think I would be ...
Q You think you would have a problem?
*491 A Yes, sir; I think I would.
Q All right. Mr. Metoyer, we'll excuse you, sir. You can step down.
After Metoyer was excused and outside the presence of the prospective jurors, defendant moved for a mistrial arguing that Metoyer's responses affected his right to obtain a fair trial. The trial judge denied the motion and did not admonish the jury at defendant's request.
The court, the state, and defendant shall have the right to examine prospective jurors. The scope of examination shall be within the discretion of the court. La.Code Crim.P. art. 786. Voir dire examination of prospective jurors is designed to discover bases for challenges for cause and to secure information for an intelligent exercise for peremptory challenges. State v. Hutto, 349 So.2d 318 (La. 1977); State v. Ford, 349 So.2d 300 (La. 1977). The questions propounded by the trial judge in the instant case were designed to ferret out any potential adverse influence on Metoyer's ability to render an impartial verdict. The responses were honest and frank and did not indicate that Metoyer had taken part in the investigation of this case. Although the prospective juror's responses provided a justifiable basis for the exercise of a challenge for cause, they did not warrant the declaration of a mistrial. Mistrial is a drastic remedy to be sparingly granted and is only authorized in specified instances where unnecessary prejudice results to an accused. State v. Hutto, supra; State v. Governor, 331 So.2d 443 (La. 1976); State v. Sylvester, 298 So.2d 807 (La. 1974). No such prejudice occurred here. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant contends the trial judge erred in denying his motion for a recess[1] based on the absence of a witness in his defense (Assignment of Error No. 2) and his motion for a new trial in which he reurged as error the ruling of the trial judge refusing to grant a recess (Assignment of Error No. 3).
Trial commenced on June 18, 1979. Subsequent to the opening statements of the state and defendant on June 19, 1979, an instanter subpoena was issued for Trooper Wayne Conques at defendant's request. On the following day (June 20), when Trooper Conques was not present when called as a witness for the defense, defendant moved for a recess. The motion was denied. Subsequently, defendant's motion for a new trial on the same ground was also denied.
Evidence adduced at the hearing on the motion for a new trial indicates that the clerk of court issued an instanter subpoena for Trooper Conques on June 19, 1979. After receiving information that Conques was in court in Lafayette (the instant trial was in Lake Charles) on that day, the clerk telephoned the local state police headquarters who in turn transmitted the message to Conques in Lafayette that he was needed in court in Lake Charles. Trooper Conques acknowledged that he received the message but, since he had not been subpoenaed or verbally notified that a subpoena had been issued for him, he did not appear. Conques stated that he never learned by whom and for what reason he was wanted in court in Lake Charles.
The grant or denial of a recess is largely within the discretion of the trial court. State v. Charles, 350 So.2d 595 (La. *492 1977); State v. Sharp, 321 So.2d 331 (La. 1975); State v. Richmond, 284 So.2d 317 (La. 1973). His decision will not be overturned on appellate review absent a clear abuse of discretion. State v. Robertson, 358 So.2d 931 (La. 1978); State v. Jenkins, 340 So.2d 157 (La. 1976).
Defendant's motion for a recess stated only that Trooper Conques' testimony would bring out that Jack Doffenmeyer was an agent for the state police and this testimony would be beneficial to defendant. Defendant argues that the testimony of Conques would have aided defendant in establishing a defense of entrapment. The record does not reveal that defendant called Doffenmeyer as a witness but Darrell Hoover, a defense witness, testified that he knew "Jack Dofflemeyer" (sic) who had introduced him to agents to whom he later sold drugs.
The record reflects that on June 12, 1978, defendant informed the court that he was represented by retained counsel, James Miquez. Said counsel represented defendant at the arraignment on July 17, 1978 (nearly one year prior to trial). Prior to commencement of trial on June 18, 1979, defense counsel (Miquez) announced that the defense was ready for trial. The subpoena for Trooper Conques was not requested until the following day (June 19). There is no showing that defense counsel took any further steps to discover why Trooper Conques had not responded to the subpoena. In addition, at the hearing on the motion for a new trial, defense counsel stated, "I don't want to get into ... the questions I was going to ask him at the trial," and the hearing was thus limited, at defendant's request, to questions concerning the issuance of the subpoena and why Conques had not responded to it.
Under the circumstances, we do not consider that defendant showed due diligence in his efforts to procure the attendance of Trooper Conques at trial. Nor do we find that defendant stated with sufficient particularity the facts to which Conques was expected to testify, i.e., the materiality of his testimony and the necessity for his presence at trial. Moreover, we are unable to ascertain on the showing made how defendant was prejudiced by the absence of the witness. Hence, we do not find that the trial judge abused his discretion in denying defendant's motion for a recess and his motion for a new trial based on the same ground.
Assignments of Error Nos. 2 and 3 are without merit.

DECREE
For the reasons assigned, defendant's convictions and sentences are affirmed.
NOTES
[*] Chief Judge PAUL B. LANDRY, retired, participated in this decision as an Associate Justice Ad Hoc.
[1] At trial and in brief to this court, defendant referred to his motion as one for a continuance. Inasmuch as the trial had already begun with the calling of the first juror, as provided in La.Code Crim.P. art. 761, a continuance could no longer be granted. La.Code Crim.P. art. 708; State v. Washington, 272 So.2d 355 (La. 1973). The motion then is more properly a motion for a recess, a temporary adjournment of a trial after it has commenced, which need not be in writing or comply with the formal requisites of a motion for a continuance. La.Code Crim.P. art. 708; State v. Mizell, 341 So.2d 385 (La. 1976); State v. Hines, 311 So.2d 871 (La. 1975). Accordingly, we treat the motion discussed herein as though it had been properly denominated by defendant.