389 So.2d 1300 (1980)
STATE of Louisiana
v.
Johnnie L. WHITE.
No. 67234.
Supreme Court of Louisiana.
October 6, 1980.
Rehearing Denied November 10, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Philip J. Boudousque, Asst. Dist. Attys., for plaintiff-appellee.
Jack A. Quarles, Jr., New Orleans, Thomas S. Loop, Metairie, Indigent Defender Program, for defendant-appellant.
DIXON, Chief Justice.
A twelve member jury found the defendant guilty of armed robbery, a violation of R.S. 14:64. The defendant was sentenced to twenty-five years at hard labor. On appeal, two assignments of error are raised.
I Identification of the Defendant as the Perpetrator of the Crime
The robbery occurred on November 25, 1978, at a Church's Fried Chicken outlet. Shortly after 11:00 p. m. an unmasked Negro male entered the restaurant when it was empty of customers. He produced a gun and ordered the two employees behind the counter to kneel on the floor. Within a few moments the assistant manager, Henry Dillon, walked out of his office at the rear of the restaurant. The robber pointed the gun at Dillon and directed him to open the cash register and hand over the money inside it. The robber took between $150-$200 and fled on foot.
Prior to trial, a photographic lineup was prepared, comprised of five photographs. The defendant does not contend that this lineup was so suggestive as to violate due process. See Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). One of the employees was not able to identify *1301 the defendant's picture. She did not testify at trial. Another employee, Katie Grandberry, picked two of the photographs, including the defendant's, as possibly being those of the robber. At trial, she testified that she could not positively identify the defendant as the perpetrator of the robbery. However, Henry Dillon picked the defendant's photograph out of the lineup more than forty days after the crime, and stated at trial that he was absolutely sure that the defendant committed the robbery. The state's case rested entirely upon this testimony.
Of the three eyewitnesses to the crime, Henry Dillon had the longest exposure to the robber. The two employees who were unable to make a positive identification of the defendant had been ordered almost immediately to kneel on the floor behind the counter. They did not have the same opportunity to observe the robber that Henry Dillon did. The testimony indicates that the restaurant was well lighted at the time of the robbery; the robber stood close to Dillon and held a gun at his side. Dillon testified that when the robber smiled, he could see a gap between his front teeth. Although Dillon testified that he was nervous during the confrontation, he never hesitated in his identification: "You see, the man was right on me with the gun in my side. Just about-I will never forget his face." Given these facts, we conclude that Dillon's in-court identification was reliable; he had a sufficient opportunity to view the robber, was able to describe his facial features in some detail and with relative accuracy, and voiced no doubt whatsoever that his identification was correct. Cf. Manson v. Brathwaite, supra; State v. Vaughn, 378 So.2d 905 (La.1979). According to the test established by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), there was sufficient proof from which the jury could determine that the defendant was guilty of the crime beyond a reasonable doubt. State v. Landry, 381 So.2d 462 (La. 1980).
The defendant has also requested this court to consider the favorable results of a polygraph examination conducted after the trial. It is the defendant's view that these results corroborate his charge that he was incorrectly identified. In order to consider this argument on appeal, it must be assumed that the polygraph results have become a part of the record below. C.Cr.P. 921. Because of their inherently unreliable nature, polygraph test results have been held to be inadmissible in criminal trials. State v. Catanese, 368 So.2d 975 (La.1979). However, polygraph evidence may be admissible at certain post trial proceedings in which the defendant's guilt or innocence is not at issue. We do not believe that this appeal is such an instance.
This assignment of error is without merit.
II Denial of the Motion for "Continuance"
On several occasions during the trial, defense counsel requested a "continuance" because two defense witnesses who had been subpoenaed were not present in court. On each occasion the motion was denied by the trial judge, who ruled that the witnesses were unavailable to testify. The record indicates that defense counsel did not file a request for the issuance of subpoenas until September 13, five days before trial. Defense counsel explained to the judge that he was not informed of the two witnesses' names until September 12. Allegedly, the sheriff received the subpoenas too late to make service. On the morning of trial, instanter subpoenas were issued, but no one was present at the two designated addresses.
We note initially that the motion for a "continuance" should have properly been styled a motion for recess. C.Cr.P. 708, 761. However, this misnomer does not prevent the court from examining the motion as though it had been properly denominated. State v. Bertrand, 381 So.2d 489 (La.1980); State v. Dickinson, 370 So.2d 557 (La.1979); State v. Mizell, 341 So.2d 385 (La.1976). Regardless of the appellation, a motion for recess is evaluated by the same standards as a motion for continuance. *1302 State v. Sharp, 321 So.2d 331 (La. 1975). Those standards are contained in C.Cr.P. 709.[1] To be entitled to a recess to secure the presence of a witness, the defendant must show the actual necessity for the witness and the materiality of the expected testimony, as well as show due diligence in attempting to procure the witness for trial. State v. Bertrand, supra; State v. Hogan, 372 So.2d 1211 (La.1979); State v. Dickinson, supra. Assuming that defense counsel satisfied the latter requirement in attempting to locate the two witnesses, no showing was made that the witnesses' testimony would in any way benefit the defendant's case. Defendant merely asserts in a supplementary brief that the witnesses "could have explained the whereabouts of Mr. White at the time of the robbery." This assertion that the witnesses could have supplied an alibi falls short of being a sufficient offer of proof as required by statute. The defendant also fails to contend that, had the motion been granted, it was likely that he could locate and produce the witnesses. For these reasons, we cannot say that the trial judge's denial of the motion was error.
The defendant's conviction and sentence are therefore affirmed.
DENNIS, J., concurs.
NOTES
[1] "A motion for a continuance based upon the absence of a witness must state:

(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness."