ALFORD, Judge.
Terry Paul Francis was separately indicted by the Terrebonne Parish grand jury for aggravated rape, in violation of La.R.S. 14:42, and aggravated crime against nature, in violation of La.R.S. 14:89.1.[1] He was tried by a jury, which convicted him as charged on each offense. The trial court imposed the mandatory penalty of life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence, for the conviction of aggravated rape, and a concurrent sentence of ten years at hard labor, without benefit of probation, parole, or suspension of sentence, for the conviction of aggravated crime against nature. He appealed, alleging six assignments of error, as follows:
*516 1. The trial court erred by denying defendant’s motion for a continuance or recess of the trial.
2. The trial court erred by overruling defendant’s hearsay objection to the testimony of a state witness.
3. The evidence was insufficient.
4. The trial court erred by denying defendant’s motion for a post-verdict judgment of acquittal.
5. The trial court erred by denying defendant’s motion for a new trial.
6. The sentence imposed for the conviction of aggravated crime against nature was excessive.
FACTS
Defendant was charged with unlawful sexual conduct involving his stepdaughter, who was between the ages of seven and nine when the conduct occurred. The victim lived with her mother and defendant in a trailer near Gray, Louisiana. The charge of aggravated rape arose from an incident which occurred within days of the victim’s ninth birthday. The victim’s mother returned to the trailer unexpectedly and found her husband and the victim apparently having sexual intercourse on a sofa in the living room. The charge of aggravated crime against nature arose from an incident which occurred some time before that incident. Defendant forced the victim to perform oral intercourse on him in the car in which they were temporarily stranded.
After discovering her husband and daughter together, the victim’s mother asked him if he had been having sexual relations with her. Defendant responded, “Yes, I have. I need help.” He voluntarily agreed to accompany the family to a local hospital, telling his family, “I’ll save the police the trouble of looking for me.”
The victim was taken to a local hospital, and a rape examination was performed. The medical report, introduced into evidence, revealed that the victim’s panties were soiled in front, that she had sores on her vulva, that her hymen was not intact, but no blood was present; and that she had a white vaginal discharge. A microscopic examination of the fluid did not reveal the presence of spermatazoa.
At the time this incident occurred, the victim claimed that her stepfather had been having improper sexual contact with her for only the preceding two weeks; and she revealed only one other occurrence, the incident upon which the indictment for aggravated crime against nature was based. The victim later revealed that the contact began at approximately the same time that defendant moved in with them, at least one year before.
DENIAL OF CONTINUANCE
In assignment of error number one, defendant submits that the trial court erred by denying his motion for a continuance or recess. He moved to continue the proceedings on the day the trial began,' on the grounds that two material witnesses were absent.
After the jury was selected, defense counsel notified the court that Mr. and Mrs. Worst, the neighbors of the victim and her mother, had been subpoenaed; however, he had not discovered until the trial had begun that the subpoenas were returned because the witnesses had recently moved. He claimed that the witnesses had been subpoenaed for their impeachment testimony, and their testimony was critical because credibility was such an important part of the trial.
In arguing that a recess should not be granted, the state noted that the subpoenas had only been issued eight or nine days before trial, implicitly claiming that defendant had not provided for contingencies such as the removal of a witness. Defendant responded that he had delayed issuing the subpoenas until shortly before trial because the proceedings previously had been continued several times. The court noted that the trial date had been fixed several months earlier; that the matter had been given priority; and that the state had notified the court and, presumably, defense counsel, that the trial would proceed as scheduled. Thereafter, the court denied the motion.
*517 Louisiana Code of Criminal Procedure, article 708 defines continuance and recess as follows:
A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced.
Louisiana Code of Criminal Procedure, article 709 provides for a motion for continuance based on the absence of a witness, as follows:
A motion for a continuance based upon the absence of a witness must state:
(1)Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
A motion for recess is evaluated by the same standards as a motion for continuance. State v. White, 389 So.2d 1300 (La.1980). However, a mid-trial motion for a recess need not be in writing or comply with the formal requisites of a motion for a continuance. State v. Dickinson, 370 So.2d 557 (La.1979). Nevertheless, to be entitled to a recess to secure the presence of a witness, the defendant must show the actual necessity for the witness and the materiality of the expected testimony, as well as show due diligence in attempting to procure the witness for trial. State v. White, 389 So.2d at 1302.
Initially, we note that other courts have found the defendant’s failure to check the subpoena returns prior to trial obviated any surprise which occurred when it was discovered after trial had begun that a witness had not been located and served with a subpoena. In State v. Burns, 504 So.2d 124 (La.App. 2d Cir.), writ denied, 505 So.2d 1142 (La.1987), the court concluded that the defense counsel could not complain that the grounds necessitating the continuance arose unexpectedly because, had he checked the subpoena returns prior to trial, he would have known that the sheriff could not serve the subpoena and could have tailored his actions accordingly, either by reissuing the subpoenas, or by filing a written motion for continuance alleging the appropriate grounds.
In any event, even assuming that defense counsel satisfied the requirement of a showing of due diligence in attempting to procure the witnesses for trial, no showing was made that the witnesses’ testimony would in any way benefit the defendant’s case. In arguing his motion to the trial court, defendant claimed only that the witnesses were necessary for impeachment purposes; and that claim was presented to this Court in his brief. Defendant has not, at any time, set forth the substance of the testimony of the witnesses, as required by La.C.Cr.P. art. 709. This assertion that the witnesses could have supplied impeachment testimony falls short of being a sufficient offer of proof as required by statute. See State v. White, 389 So.2d at 1302. Accordingly, we find no merit to this assignment of error.
INTRODUCTION OF HEARSAY EVIDENCE
In assignment of error number two, defendant submits that the trial court erred by overruling his objection to hearsay testimony. The state asked the victim’s grandmother whether or not, during the month that the victim stayed with her grandmother after the final incident, the victim had explained why she had not reported her stepfather’s behavior earlier. Defendant objected, and the state contended the statement was admissible as part of the victim’s early complaint. The court permitted the witness to testify “since she [the victim] is here.” Thereafter, the victim’s grandmother testified that the victim told her defendant had threatened that, if she told anyone, no one would believe her and she would be sent to live in a foster home like her two younger siblings.
*518 The victim’s out-of-court unsworn statement to her grandmother was offered at trial for the truth of the matter asserted and, therefore, constituted hearsay. See State v. Yochim, 496 So.2d 596 (La.App. 1st Cir.1986). Hearsay statements are not admissible except as provided by statute or by traditional common law hearsay exceptions. State v. Yochim, 496 So.2d at 598.
Although the Louisiana courts have long recognized an exception to the hearsay rule allowing admission of early complaints of victims of sexual assaults, the exception is not available to the state in this instance, for the testimony which was objected to concerned a conversation that occurred up to a month after the victim’s initial complaint. However, the victim also testified and told the jury herself of her stepfather’s threat. Therefore, although improperly admitted, the statement by the victim’s grandmother was merely corroborative and cumulative of other properly introduced testimony. See State v. Creel, 540 So.2d 511 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). Accordingly, it is harmless error. La.C.Cr.P. art. 921. See also State v. Parker, 425 So.2d 683 (La.1982).
SUFFICIENCY OF THE EVIDENCE
By assignments of error three and four, defendant submits that the evidence is insufficient to sustain the verdict. In assignment of error number three, defendant contends the jury’s verdict was contrary to the law and the evidence. In assignment of error number four, defendant submits that the trial court erred by denying defendant’s motion for a post-verdict judgment of acquittal.
The standard for review of the sufficiency of the evidence is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state established the elements of the offense beyond a reasonable doubt. La.C.Cr.P. art. 821. Herein, defendant submits only that “no reasonable juror should have failed to find a reasonable doubt in'this case after hearing all of the evidence.” He does not set forth any specific manner in which he claims the state’s evidence is deficient.
The victim testified that defendant put his “private part” in her “bottom part” on the day the activity was discovered by the victim’s mother. She further testified that he sometimes put his “private part” in her mouth and related a specific time when he did it when they were “down the shell road.” The victim told the jury that this activity had occurred since defendant had moved in with her and her mother and that occasionally “yellow stuff” came out.
La.R.S. 14:42 provides, in pertinent part, as follows:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
[[Image here]]
(4) When the victim is under the age of twelve years. Lack of knowledge of the victim’s age shall not be a defense.
La.R.S. 14:89.1 provides, in pertinent part, as follows:
A. Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
[[Image here]]
(6) When the victim is under the age of seventeen years and the offender is at least three years older than the victim.
The testimony of the victim is sufficient to establish the elements of the offense. State v. Polkey, 529 So.2d 474 (La.App. 1st Cir.1988), writ denied, 536 So.2d 1233 (La.1989). Herein, the victim testified that these events occurred during the year preceding her ninth birthday. Her testimony clearly established that defendant committed an aggravated rape and an aggravated crime against nature upon her. Moreover, defendant admitted the unlawful contact and stated that he needed help for his problem. Although the state did not specifically prove defendant was three years older than the victim, that fact was undoubtedly evident to the jury; and, more *519 over, witnesses for both the state and defendant testified that defendant was married to the victim’s mother and, thus, must have been above the age of fifteen years. See State v. Zihlavsky, 505 So.2d 761 (La. App. 2d Cir.), writ denied, 511 So.2d 1152 (La.1987), and the cases cited therein.
We find, therefore, that any rational trier of fact could have found that the state proved the elements of the offense beyond a reasonable doubt. These assignments of error have no merit.
DENIAL OF MOTION FOR NEW TRIAL
In assignment of error number five, defendant submits that the trial court erred by denying his motion for a new trial. He claims that he was entitled to a new trial because of the court’s erroneous rulings denying his motion for a continuance and permitting the state to introduce the hearsay testimony of the victim’s grandmother. Having found no error in these rulings, we find no error in the court’s refusal to grant a new trial on these grounds. This assignment of error has no merit.
EXCESSIVE SENTENCE
In assignment of error number six, defendant contends that the trial court imposed an excessive sentence for the conviction of aggravated crime against nature. The trial court ordered defendant to serve ten years at hard labor, without benefit of probation, parole, or suspension of sentence, for this conviction, to be served concurrently with a term of life imprisonment, with the same conditions. The maximum sentence statutorily authorized for a conviction of aggravated crime against nature is fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence.
Defendant does not set forth any particular manner in which the sentence is excessive; nor does he claim the court failed to give proper weight to any particular mitigating factor. He simply claims the sentence is excessive.
In its reasons for imposing sentence, the court noted its belief that defendant had a propensity to commit a similar type crime if a suspended sentence were imposed; and, further, the court opined that rehabilitative efforts would be in vain. The court also noted the seriousness of the offense, and the likelihood that defendant would constitute a menace to society if he were released.
The trial court has wide discretion in the imposition of sentence; and, given compliance with the statutory criteria of La.C. Cr.P. art. 894.1, a sentence within statutory limits will not be set aside absent an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find no abuse of discretion herein. This assignment of error has no merit.
CONVICTIONS AND SENTENCES AFFIRMED.

. Although prosecution for these offenses was instituted by separate indictments, the matters were tried together. The record does not reflect a motion for consolidation by defendant. See La.C.Cr.P. art. 706. However, improper consolidation is not a jurisdictional defect, nor does it constitute a denial of due process. See State v. Mallett, 357 So.2d 1105 (La. 1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979). Therefore, improper consolidation is waived unless the defendant files a motion to quash on that ground. State v. Mallett, 357 So.2d at 1109. Herein, defendant did not object, at any time, to the improper consolidation. Accordingly, we find he has waived any error.