940 So.2d 135 (2006)
STATE of Louisiana, Appellee
v.
Jack S. SPEARS, Appellant.
No. 39,302-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2006.
Rehearing Denied October 26, 2006.
*138 Bobby L. Culpepper, Jonesboro, for Appellant.
Robert W. Levy, District Attorney, Clifford R. Strider, III, Pamela A. Stewart, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.

On Remand
WILLIAMS, J.
The defendant, Jack S. Spears, was convicted of misapplication of construction contract payments, a violation of LSA-R.S. 14:202. The defendant was sentenced to serve a prison term of four years at hard labor and ordered to pay a fine of $500 and all costs of the proceedings. The defendant was also ordered to pay $103,804.22 in restitution as a condition of parole.
On appeal, we reversed the defendant's conviction and sentence and entered a judgment of acquittal. The supreme court reversed our ruling and remanded this matter for our consideration of the defendant's remaining assignments of error. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
Richard Joe Kirkham, Jr. and Karen Walker Kirkham ("the Kirkhams") were engaged in the business of raising chickens in Choudrant, Louisiana. In December 1999, the Kirkhams entered into a contract with the defendant, who was doing business as Spears Construction Company, Inc., to build two chicken houses for a price of $196,000. The Kirkhams obtained a mortgage to finance the construction. The contract specified that payment would be made in intermittent draws, contingent upon the completion of particular stages of construction.
*139 Construction began on the project, and the first three draws were paid without difficulty. After the third payment, little or no further work was done on the project, despite a written demand by the Kirkhams to the defendant to complete the project. Although he had not completed the required stage of construction, the defendant demanded the fourth payment. When the Kirkhams refused to authorize the draw, the defendant walked off of the job. The defendant returned when the Kirkhams finally agreed to authorize the payment. By the end of April 2000, construction on the chicken houses had ceased.
The Kirkhams began to receive material and labor lien notices from suppliers and workers on the project. On May 9, 2000, the Kirkhams filed a complaint with the Lincoln Parish Sheriff's Department, reporting that the defendant had misappropriated funds under the construction contract.
The defendant was arrested and charged by bill of information with misapplication of contract funds over $1,000. The bill of information was later amended to charge the defendant with misapplication of construction contract funds in an amount in excess of $10,000.
A jury found the defendant guilty as charged. The trial court denied the defendant's motion for post-verdict judgment of acquittal, motion in arrest of judgment and motion for a new trial. Noting that the defendant had two prior felony convictions, both involving crimes of economic gain, the trial court sentenced the defendant to serve a prison term of four years at hard labor. Additionally, he was ordered to pay $103,804.22 in restitution for misapplied payments, a $500 fine and all costs of the proceedings. The court denied the defendant's oral motion to reconsider sentence.
The defendant appealed. Concluding that the evidence was insufficient to support a conviction, we reversed the defendant's conviction and sentence and entered a judgment of acquittal. State v. Spears, 39,302 (La.App. 2d Cir.3/17/05), 896 So.2d 1280. The Louisiana Supreme Court granted the state's application for writ of certiorari, reversed our ruling and remanded this matter "for consideration of the defendant's remaining assignments of error pretermitted on original appeal." State v. Spears, XXXX-XXXX (La.4/4/06), 929 So.2d 1219, 1224.

DISCUSSION
Constitutionality of LSA-R.S. 14:202
The defendant contends the trial court erred in overruling his motion to quash the bill of information and motion in arrest of judgment, in which he argued that LSA-R.S. 14:202[1] was unconstitutional. In the *140 motion to quash, the defendant argued that the provisions of the statute fail to put persons on notice of the activities prohibited under the statute.[2] Following his conviction, the defendant filed a motion in arrest of judgment, asserting the same claim.
Louisiana law mandates that the Attorney General be served with a copy of the pleading challenging a statute's constitutionality so that the Attorney General can elect whether or not to exercise his statutory right to represent the state's interest in the proceedings. LSA-R.S. 13:4448; State v. Citizen, XXXX-XXXX (La.4/1/05), 898 So.2d 325; State v. Schoening, XXXX-XXXX (La.10/17/00), 770 So.2d 762; State v. Shumaker, 40,275 (La.App. 2d Cir.10/28/2005), 914 So.2d 1156.
In this case, notice has been sent to the attorney general by this court, as mandated by LSA-R.S. 13:4448. At the time of this opinion, no response had been received. In any event, the defendant's argument that LSA-R.S. 14:202 is unconstitutional is without merit.
In State v. Piazza, 596 So.2d 817 (La. 1992), the district court quashed the defendant's indictment for violation of LSA-R.S. 14:202, declaring the statute unconstitutional. The Louisiana Supreme Court reversed the district court's ruling and upheld the validity of the statutory provisions, stating, "[T]he conflicting penalty provisions of Section 202 do not render the statute unconstitutional, but may be construed together so as to give effect to both provisions, resolving any conflict in favor of the person on whom the penalty is imposed by applying the lesser penalty." Id. at 818.[3] The court further noted, "The present case does not involve a conflict in the portion of the criminal statute which defines the conduct that will be considered criminal, but rather involves a conflict in the penalty portion of the statute." Id. at 820.
In the instant case, the main thrust of the defendant's constitutional argument involves an alleged vagueness in the "criminal portion" of LSA-R.S. 14:202, i.e., the provisions of the statute fail to put persons on notice with regard to what activities are prohibited. The defendant further presented a list of hypothetical facts in which the statute would not give notice of a crime.
To determine the constitutionality of a statute, we must follow the basic rules of statutory construction. State v. Shumaker, supra. A statute is presumed to be constitutional, and the burden of clearly establishing unconstitutionality rests upon the party who attacks the statute. State v. Cunningham, 2004-2200 *141 (La.6/13/05), 903 So.2d 1110. A statute should be upheld whenever possible. State v. Shumaker, supra.
To prove that a law is unconstitutional, a defendant is required to show that an ordinary person of reasonable intelligence could not understand and follow the law. State v. Hair, 2000-2694 (La.5/15/01), 784 So.2d 1269. Broad language is not in itself vague, particularly where it is clear that the legislature intended to make criminal all acts of a certain kind. Id. Louisiana criminal statutes must be "given genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." LSA-R.S. 14:3.
LSA-R.S. 14:202 provides, in pertinent part, "No person . . ., who has received money on account of a contract for the construction, erection or repair of a building, structure, or other improvement, . . . shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract."
A plain reading of the activity proscribed by the statute is sufficiently narrow and gives adequate notice to those who would engage in such conduct, i.e., fail to apply monies received pursuant to a construction contract as necessary to settle claims for material and labor, that the conduct is proscribed. Thus, we conclude that the defendant failed to meet his burden of clearly establishing that the statute is unconstitutional. This assignment lacks merit.
Amendment of Bill of Information
In another assignment of error, the defendant contends the trial court erred, as a matter of law, in permitting the state to amend the bill of information on the day of trial. The state argues the amendment was proper and non-prejudicial.
The defendant was originally charged by bill of information with violating LSA-R.S. 14:202, misapplication of payments in an amount greater than $1,000. On July 29, 2003, in open court, before the first prospective juror was called for examination, the state requested leave of court to amend the bill to charge the defendant with misapplication of payments in an amount greater than $10,000 under the same statute. The trial court permitted the amendment, over the defendant's objection.
The substance of an indictment may be amended before trial begins. LSA-C.Cr.P. art. 487. In a jury trial, trial begins when the first prospective juror is called for examination. LSA-C.Cr.P. art. 761. If a defendant can show that he has been prejudiced by the amendment to the charge against him, he is entitled to a continuance. LSA-C.Cr.P. art. 489. The purpose of the continuance authorized by Article 489 is to protect a defendant from surprise or prejudice which may result from such an amendment. The defendant bears the burden of proving that he has been prejudiced by the amendment. The trial court has great discretion in deciding such matters, and its ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Ignot, 29,745 (La. App. 2d Cir.8/24/97), 701 So.2d 1001, writ denied, XXXX-XXXX (La.6/18/99), 745 So.2d 618; State v. Cleveland, 25,628 (La.App. 2d Cir.1/19/94), 630 So.2d 1365.
In this case, the minutes reveal that the state moved to amend the bill of information before any prospective jurors were called for examination. Therefore, the trial had not commenced, and the state was entitled to amend the bill pursuant to LSA-C.Cr.P. arts. 487 and 761. Further, the defendant's remedy for any potential *142 prejudice was a motion for a continuance. However, the defendant did not request a continuance, and he objected to the state's motion to continue.
Additionally, even if the defendant had requested a continuance, the defendant has failed to show that his defense was prejudiced as a result of the amendment to the bill of information. The only change to the bill was the amount of payments the defendant had allegedly misapplied. The defendant knew that he was to be tried for the misapplication of payments, a violation of LSA-R.S. 14:202. Thus, there was no element of surprise. The amount of money involved in the misapplication only affected the penalty upon conviction. Moreover, shortly after the amendment, the trial court continued the trial until October 28, 2003. Thus, the defendant was provided ample time to conduct any further discovery and to file any additional pre-trial motions.
The defendant also argues that the amendment to the bill asserting a misappropriation greater than $10,000 is vague in that it does not reflect a crime. LSA-R.S. 14:202 provides for misapplication of contract funds under $1,000, as well as funds in excess of $1,000. We cannot say that the trial court erred in allowing the amendment to the bill to charge the defendant with misapplication of greater than $10,000, as the amount of the misapplication determines the sentence under the statute.[4] Therefore, the defendant's arguments lack merit.
Arraignment
The defendant also contends the trial court erred by failing to arraign him on the amended bill of information. The state maintains that the defendant waived this argument because he did not object to the court's failure to rearraign him.
LSA-C.Cr.P. art. 555 provides:
Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.
In this case, the defendant did not object to the failure to arraign him on the amended charge before the trial commenced. Thus, the issue is waived. See, State v. Ignot, supra. This argument lacks merit.
Motion to Continue
Next, the defendant contends the trial court erred, as a matter of law, in granting the state's motion for a continuance on the date of trial, as the motion was not filed at least seven days prior to the commencement of trial as required by LSA-C.Cr.P. art. 707. The defendant also argues that the trial court erred in granting the continuance after the trial had commenced.
The record shows that on the morning of July 29, 2003, a panel of fourteen potential jurors was called, sworn and questioned. Following a recess, the state notified the trial court that one of its witnesses, Debbie Spears, was refusing to appear and testify because of her alleged fear of the defendant. The state made an oral motion for continuance, which was granted by the trial court over the defendant's objection.
*143 A motion for a continuance must be filed at least seven days prior to the commencement of the trial. LSA-C.Cr.P. art. 707.[5] Nevertheless, in the interest of justice, the trial court may grant a continuance upon written motion at any time after a contradictory hearing. State v. Winfrey, 1997-427 (La.App. 5th Cir.10/28/97), 703 So.2d 63.
LSA-C.Cr.P. art. 708 makes a distinction between a "continuance" and a "recess," as follows:
A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced.
In this case, the minutes reveal that the state moved for a continuance after the first panel of potential jurors had been called, sworn and questioned. Thus, the trial had already commenced, and the state was required to request a recess.
It is well settled that whether the motion was improperly styled as one of continuance or recess, the court may examine the motion as though it had been properly denominated. State v. White, 389 So.2d 1300 (La.1980); State v. Bertrand, 381 So.2d 489 (La.1980); State v. Dickinson, 370 So.2d 557 (La.1979); State v. Mizell, 341 So.2d 385 (La.1976). Thus, although the motion may have been improperly styled as one for "continuance," it can be reviewed as if it had been properly named as one for recess. State v. Dooley, 38,763 (La.App. 2d Cir.9/22/04), 882 So.2d 731, writ denied, 2004-2645 (La.2/18/05), 896 So.2d 30; State v. Smith, 25,841 (La. App. 2d Cir.02/23/94), 632 So.2d 887.
The standard of review of a motion for recess is the same as the review of a motion for a continuance. State v. White, supra; State v. Dooley, supra. The granting or denial of a motion for continuance or a motion for recess is within the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. LSA-C.Cr.P. art. 712; State v. Martin, XXXX-XXXX (La.10/17/94), 645 So.2d 190; State v. Dooley, supra; State v. Gipson, 28,113 (La.App. 2d Cir.6/26/96), 677 So.2d 544, writ denied, 1996-2303 (La.1/31/97), 687 So.2d 402.
LSA-C.Cr.P. art. 709 provides:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
In this case, the record shows that although the state had not subpoenaed Ms. Spears, she and her attorney had assured the state that she would be present at trial. The state asserted that Ms. Spears was expected to provide material testimony with regard to the defendant's banking records. After securing Ms. Spears' voluntary agreement to testify, the state remained in constant contact with her and her attorney, and travel arrangements had been completed. However, *144 the defendant, via telephone calls, had instructed her not to come to trial, and allegedly, made various threats to her. Defense counsel admitted that he and the defendant had spoken to Ms. Spears. Defense counsel informed Ms. Spears that she was not required to appear at the trial and testify because she had not been subpoenaed. Ms. Spears then rescinded her agreement to testify. In its argument to the trial court, the state assured the court that Ms. Spears would be available to testify at a future date. Only on the day of trial did the state learn that the witness was refusing to appear, stating threats by the defendant as the reason.
Under these extenuating circumstances, we cannot say that the trial court abused its discretion in granting a recess. The trial court was satisfied by the state's allegations that the defendant had played a role in Ms. Spears' failure to appear.[6] There is nothing in the record to show that the trial court abused its discretion or that the defendant was prejudiced by the delay. Therefore, this assignment of error is without merit.
The Kirkhams' Testimony
The defendant also contends the trial court erred in allowing Richard Kirkham to testify with regard to the cost of completing the project and the provisions of the contract. He further contends the trial court erred in allowing Karen Kirkham to testify concerning their financial difficulties, her efforts to contact the defendant and that the defendant was "driving a brand new truck."
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. LSA-C.E. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. LSA-C.E. art. 403.
A trial judge is vested with wide discretion in determining the relevancy of evidence; his ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981); State v. Jackson, 30,473 (La.App. 2d Cir.5/13/98), 714 So.2d 87, writ denied, XXXX-XXXX (La.11/6/98), 727 So.2d 444.
In this case, the defendant has not shown how the Kirkhams' testimony with regard to the defendant's failure to complete the project and the consequences of that failure was irrelevant in determining if funds were misapplied, as well as the defendant's intent with regard to those funds. However, it may well be that the testimony that the defendant was driving a new truck had no relevance to the case. The defendant objected and moved for mistrial, asserting the testimony prejudiced his case to the extent he was unable to receive a fair trial. As the state correctly points out, the defendant did not request an admonition to the jury. Moreover, the defendant has failed to show how the trial court's rulings prejudiced his case. The defendant's arguments lack merit.
Jury Instructions
The defendant further assigns as error the trial court's failure to give jury instructions as requested by the defense. Specifically, the defendant submitted 24 special requests for jury instructions, and the trial *145 court denied all but one of the proposed instructions. The defendant contends the trial court erred in denying his request for 13 of the proposed charges.
Under our law, the state and the defendant have the right to submit to the court special written charges for the jury. LSA-C.Cr.P. art. 807; State v. Gipson, supra. The requested charge shall be given if it does not require qualification, limitation or explanation, and if it is wholly correct and pertinent. Id. However, the trial court is not required to give the requested special charge if it is included in the general charge or in another special charge to be given. LSA-C.Cr.P. art. 807. Any requested special charge must be supported by the evidence. State v. Craig, 1995-2499 (La.5/20/97), 699 So.2d 865, cert. denied, 522 U.S. 935, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997).
In this case, the trial court declined to include proposed jury instruction numbers 1, 7, 10 and 11, stating there is no basis in the law which would support those proposed charges. With regard to proposed jury instruction numbers 2, 4, 6 and 8, the trial court declined to include the instructions based upon his finding that the cases cited by the defendant were inapplicable to the instant case. With regard to proposed jury instruction number 9, the trial court concluded that the statute cited by the defendant is a civil statute and is not applicable in criminal matters. The trial court disallowed proposed instructions numbers 12, 13 and 14, concluding that those provisions of the statute refer to the penalty for the offense and restitution, matters which are within the discretion of the judge, rather than the jury.
We have carefully reviewed the instructions requested by the defendant in light of the instructions actually given by the trial judge. Each of the instructions requested by the defendant was either included in the trial judge's instructions or was an incorrect statement of the law which would have required correction or further explanation. Therefore, the trial judge did not err in refusing to give the requested jury instructions.
Further, errors in jury instructions are subject to the harmless error analysis. Failure to give a requested jury instruction constitutes reversible error only when there is a miscarriage of justice, prejudice to the substantial rights of the accused, or a substantial violation of a constitutional or statutory right. State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004).
In the instant case, the defendant has made no argument that his rights were substantially violated by the omission of the proposed jury instructions or that he was in any way prejudiced. Thus, we conclude that the defendant's argument that the trial court erred in omitting the proposed jury instructions is without merit.
Motion for New Trial
The defendant also assigns as error the trial court's denial of his motion for a new trial. According to the defendant, he was entitled to a new trial because the misapplication of construction funds over $10,000 is not delineated in LSA-R.S. 14:202 as a violation of the law.
In State v. Olivier, XXXX-XXXX (La.App. 3d Cir.6/16/04), 879 So.2d 286, the court stated:
[T]he penalty for a violation of La.R.S. 14:202 is determined based on the total amount misapplied. The bill of information in the case at bar does not specify whether the Defendant was charged under section (B) or (C) of La.R.S. 14:202. Although value was discussed at trial *146 and the jury returned a verdict finding a specific value, the bill of information did not properly charge the grade of the offense.
* * *
While La.Code.Crim.P. art. 470 does not require that an indictment include a specific monetary value, the allegations in the indictment must be sufficient to determine the grade of the offense.
Id. at 287.
In the instant case, the amended bill of information charged the defendant as follows:
JACK S. SPEARS committed the offense of misapplication of payments, as set forth in R.S. 14:202, in that he did, being a contractor, receive money on account of a contract with RICHARD KIRKHAM, JR. AND KAREN MICHELLE WALKER, for the construction or improvements of a building and did knowingly fail to apply the money received as necessary to settle claims for materials and labor due the construction or under the contract, said misapplication being greater than $10,000.
Although the bill of information did not specify whether the defendant was being charged under section (B) or (C) of the statute, it is clear from the specific language, "said misapplication being greater than $10,000," that the defendant was being charged under LSA-R.S. 14:202(C), since the amount at issue was "greater than one thousand dollars." Thus, the allegations in the bill of information were sufficient to determine the grade of the offense charged.
The defendant also argues that he was entitled to a new trial because the jury instructions and jury verdict form failed to provide for a determination of the amount of contract funds misapplied.
The record shows that the trial court read the bill of information to the jury verbatim, including the charge of misapplication of funds being greater than $10,000. The trial court also specifically instructed the jury that in order to convict the defendant of the offense charged, it must find, beyond a reasonable doubt, that the state proved every essential element of the offense. The trial court proceeded to detail the elements of the offense and instructed the jury with regard to responsive verdicts, including, guilty as charged; guilty of misapplication of payments of $1,000 or less; or not guilty. At no time during the proceedings did the defendant argue that either the bill of information, the jury instructions or jury verdict was invalid due to the jury's failure to determine the amount of funds misapplied. Nor did the defendant move for a mistrial. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. LSA-C.Cr.P. art. 841; State v. Bosley, 29,253 (La.App. 2d Cir.4/2/97), 691 So.2d 347, writ denied, XXXX-XXXX (La.10/17/97), 701 So.2d 1333; State v. Hamilton, 594 So.2d 1376 (La. App. 2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (La.1990). The appellate court cannot consider an error with a jury charge unless there was a contemporaneous objection or motion for mistrial. State v. Neal, 275 So.2d 765 (La.1973); State v. Lee, 529 So.2d 853 (La.App. 4th Cir.1988). Thus, the defendant's assignment of error with regard to the erroneous jury instructions will not be considered by this court.
Motion to Reconsider Sentence
Finally, the defendant contends the trial court erred in failing to reconsider the sentence, particularly in light of the failure of the jury to determine the specific amount of misapplication in question.
*147 In this case, the defendant was charged with misapplication of funds in the amount greater than $10,000. The jury was provided with a list of responsive verdicts to the crime and could have elected to find the defendant either (1) guilty of misapplication of an amount greater than $10,000, (2) guilty of misapplication of payments of $1,000 or less, or (3) not guilty. The jury opted to find the defendant guilty as charged.
Neither the language of LSA-R.S. 14:202 nor the relevant jurisprudence requires that a jury determine the specific amount of funds misapplied. The language of the statute is clear: when the amount misapplied is $1,000 or less, the penalty is $100 to $500 or imprisonment for 90 days to six months or both. When the amount misapplied is greater than $1,000, the penalty is $100 to $500, imprisonment, with or without hard labor, for 90 days to six months, or both, for each $1,000 in misapplied funds, for a maximum of five years. As stated above, the defendant was charged with misapplication of an amount greater than $10,000 and was found guilty as charged. Therefore, the jury was not required to determine a specific amount of funds misapplied. This assignment lacks merit.

CONCLUSION
For the reasons set forth herein, the defendant's conviction and sentence are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, DREW and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] LSA-R.S. 14:202 provides:

A. No person, contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.
B. When the amount misapplied is one thousand dollars or less, whoever violates the provisions of this Section shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned for not less than ninety days nor more than six months, or both.
C. When the amount misapplied is greater than one thousand dollars, whoever violates this Section shall be fined not less than one hundred dollars nor more than five hundred dollars, or imprisoned with or without hard labor for not less than ninety days nor more than six months, or both, for each one thousand dollars in misapplied funds, provided that the aggregate imprisonment shall not exceed five years.
D. Any person, contractor, subcontractor, or agent of a contractor or subcontractor who knowingly fails to apply construction contract payments as required in Subsection A shall pay to the court, and the court shall transfer to the person whose construction contract payments were misapplied, an amount equal to the sum of the payments not properly applied and any additional legal costs resulting from the misapplication of construction fund payments, including a fee charged by the clerk of court for handling such payments.
[2] LSA-C.Cr.P. art. 532(1) provides, in pertinent part:

A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
* * *
[3] In Piazza, supra, it was apparent that the Louisiana Attorney General appeared to represent the interests of the state with regard to the penalty provisions of the statute.
[4] The state does not provide any explanation as to why it amended the bill of information to contain a dollar amount not included in the statute. A possible explanation is that the sentence for the offense is tied to the amount of the misappropriation, and $10,000 reflects the maximum sentence of five years.
[5] A motion for continuance must be in writing but, under extenuating circumstances, an oral motion is sufficient. State v. Owens, 30,903 (La.App. 2d Cir.9/25/98), 719 So.2d 610, writ denied, 1998-2723 (La.2/5/99), 737 So.2d 747.
[6] In granting the state's motion, the trial court forbade the defendant from initiating any contact with Ms. Spears as a condition of his bail.